UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD BUTLER,

    Plaintiff,

v.                         CASE NO. 8:06-CV-165-T-17MAP

J. STEPHEN WRIGHT, and
JANE ANN WRIGHT,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 138 Renewed Motion for The Entry of Judgment as
        A Matter of Law
Dkt. 146 Response

Defendants J. Stephen Wright and Jane Ann Wright renew their motion for entry of judgment as a matter of law, pursuant to Rule 50(b).

Plaintiff Gerald Butler opposes Defendants' Motion.

In this case, the jury was instructed on Plaintiff's claim for fraudulent misrepresentation, and on Plaintiff's claim for breach of fiduciary duty. The jury rendered its verdicts on June 5, 2009 (Dkts. 128, 129 and 130). Final judgments were entered on June 16, 2009 (Dkts. 143, 144).

Case No. 8:06-CV-165-T-17TBM

I. Statute of Frauds

Defendants seek the entry of judgment as a matter of law as to Count I. Defendants argue that the agreement was not in writing, that Plaintiff did not establish that an oral agreement existed, and that Plaintiff's action for fraud is barred by the economic loss rule. Defendants argue that Plaintiff does not escape the Statute of Frauds because his causes were pled as fraud and breach of fiduciary duty rather than as a breach of contract.

Plaintiff Butler responds that the record in this case demonstrates directly or creates reasonable inferences that Defendants never had any intention to pay Plaintiff Butler for his portion of the equity in the property, and Plaintiff's claim is not for breach of contract, but an action for money damages. Plaintiff Butler argues that the essential elements of the claim of fraud were alleged, and were supported by competent, substantial evidence.

Discussion:

The Court notes that in Defendants' Motion for Summary Judgment, Defendants argued that Counts II, III and IV of the Amended Complaint are barred by the statute of frauds. (Dkt. 23, p. 10). Before trial, the Court did not rule on this issue as to Count I.

During trial, Defendants moved for judgment as a matter of law on all counts of the Amended Complaint. As to Count I, Defendants argued that Plaintiff did not establish the existence

Case No. 8:06-CV-165-T-17TBM

of an agreement with Defendants, and the economic loss rule bars Plaintiff's fraud claim. As to Count II, Defendants argued that no evidence was presented that Defendants accepted any confidence from Plaintiff creating a fiduciary duty. As to Counts III and IV, Defendants argued that the dismissal of Counts I and II would establish that Plaintiff is not entitled to the relief requested in Counts III and IV.

After oral argument, the Court denied Defendants' Motion for Judgment as a Matter of Law.

In the Renewed Motion, Defendants argue that Plaintiff's case is predicated upon the existence of an oral agreement with Defendants to sell them his interest in the condominium in exchange for payment of half the equity, and then, according to later testimony, half of any eventual sale price. Defendants argue that "the Florida rule is that the statute of frauds may not be avoided by a suit for fraud based on oral representations." Canell v. Arcola Housing Corp., 65 So.2d 849, 850 (Fla. 1953); Ostman v. Lawn, 305 So.2d 871, 873 (Fla. 3d DCA 1974).

Plaintiff responds that the claim at issue is not a claim to any interest in real property, but is a claim for money damages. Plaintiff distinguishes the facts in this case from Canell, arguing that "The statute of frauds does not come into play against false oral representations, resulting only in money damages. These counts seek damages, not easements or other claims against the land." Connelly v. Merritt, 273 So.2d 7 (Fla. 1st DCA 1973). Plaintiff also relies on Attanasio v. Excel

3

Case No. 8:06-CV-165-T-17TBM

Development Corp., 757 So.2d 1253 (Fla. 4th DCA 2000), in which the remedy sought by the plaintiff was money damages representing the difference in the land as promised and as delivered, and, as such, the statute of frauds did not apply. Plaintiff further argues that the essential elements of the claim of fraud have been alleged and are supported by competent substantial evidence. Plaintiff argues that the evidence and all factual inferences therefrom are to be viewed in the light most favorable to Plaintiff, and the Renewed Motion for Entry of Judgment as a Matter of Law should be denied.

After consideration, the Court denies the Renewed Motion for Judgment as a Matter of Law as to this issue.

II. Fraud

A. Existence of Agreement

Defendants argue that Plaintiff did not establish at trial a set of terms of the agreement he alleges, nor did Plaintiff establish "a reciprocal assent to a certain and definite proposition."

At trial, Defendants testified as to the events which preceded the execution of the 2001 Quit Claim Deed. There was testimony that Plaintiff telephoned Defendants, expressed that Plaintiff could not pay for the condominium and "wanted out" of the obligation. After this telephone conversation, Defendants

Case No. 8:06-CV-165-T-17TBM

sent the 2001 Quit-Claim Deed to Plaintiff. Plaintiff and Christian Lee signed the deed, and the 2001 Quit-Claim Deed was recorded. Defendants then refinanced the condominium in only Defendants' names.

The Court views the testimony to estop Defendants from denying the existence of some agreement. Plaintiff and Defendant sharply disagree about the terms agreed upon. Defendants contend the agreement was that the Butlers would sign over their interest in the condominium to Defendants, and the Butlers would be released from any further obligations under the mortgage for the property. Plaintiff contends the agreement was that Plaintiff would convey his interest, and later be paid for it. However, instead of being paid, the Wrights and other parties allegedly acted to conceal the 2005 conveyance and did not pay Plaintiff. In rendering the verdict, the jury drew inferences from the evidence presented to it, and rendered verdicts against Defendants.

The Court denies the Renewed Motion for Judgment as a Matter of Law as to this issue.

B. Economic Loss Rule

Defendants argue that the breach of contractual terms may not form the basis for a claim in tort. Defendants argue that fraud that relates to the performance of a contract is barred by the economic loss rule.

5

Case No. 8:06-CV-165-T-17TBM

Plaintiff responds that Defendants acknowledge that a fraud in the inducement action is not barred by the economic loss rule. Plaintiff further argues that "[i]ntentional tort claims such as fraud...and other torts requiring proof of intent generally remain viable...[even] if the parties are in privity of contract." Indemnity Ins. Co. of North America v. American Aviation, Inc., 891 So.2d 532, 543 (Fal. 2004).

The jury could reasonably infer, from the evidence presented, that Defendants never had the intention to pay Plaintiff. After consideration, the Court denies the Renewed Motion as to this issue.

III. Breach of Fiduciary Duty

Defendants argue that an express fiduciary relationship was not alleged or proven, and there was no evidence in this case that either Defendant recognized, accepted or undertook any fiduciary duties on behalf of Plaintiff.

Plaintiff responds that the facts of this case show that Defendants, both legal professionals, exercised their legal influence, prepared the 2001 Quit Claim Deed, and the Plaintiff, related at that time to Defendants by marriage, trusted Defendants and signed the deed based upon their promises. Defendants accepted Plaintiff's trust as evidenced by their testimony, the course of the parties' dealings related to the Destin condominium, and the creation of the 2001 Deed. Plaintiff argues that the jury made reasonable inferences based on the

Case No. 8:06-CV-165-T-17TBM

evidence at trial regarding the fiduciary relationship between Plaintiff and Defendants.

The jury heard all the evidence and rendered their verdicts. The Court finds there is sufficient evidence to support the verdicts. After consideration, the Court denies the Renewed Motion for Judgment as Matter of Law as to this issue.

IV. Constructive Trust

V. Accounting

Defendants argue that the dismissal of Counts I and II as a matter of law renders the dismissal of Counts IV and V appropriate.

Plaintiff responds that Plaintiff does not seek the imposition of any constructive trust or accounting, and does not seek any relief pursuant to these counts.

The Court denies the Renewed Motion for Judgment as a Matter of Law as moot as to Counts III and IV. Accordingly, it is

**ORDERED** that the Renewed Motion for Judgment as a Matter of Law is **denied** as to Counts I and II, and **denied** as moot as to Counts III and IV.

Case No. 8:06-CV-165-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of July, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record