# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GERALD BUTLER,**

    **Plaintiff,**

v.                                      Case No. 8:06-cv-165-T-17TBM

**J. STEPHEN WRIGHT and
JANE ANN WRIGHT,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable Elizabeth A. Kovachevich for a Report and Recommendation on **Plaintiff's Motion for Attorney's Fees and Costs Against Defendants** (Doc. 147). By his motion, Plaintiff seeks an award of attorney's fees in the amount of $108,368.48, pursuant to Florida's inequitable conduct doctrine, and costs in the amount of $13,636.77, pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). In support, Plaintiff files the affidavits of Peter W. Van den Boom and Mark A. Sessums. Defendants oppose the motion, arguing that there is no underlying basis for an award of attorney's fees in this action because the limited circumstances justifying an award under the inequitable conduct doctrine are not present in this case and Plaintiff does not demonstrate otherwise. As for costs, Defendants object to the taxation of such based on Plaintiff's failure to attach invoices demonstrating actual costs and the services and products resulting in the costs. They also specifically object to taxation of costs for postage, facsimile and telephone related charges, federal express charges, legal

research fees, travel expenses, and "miscellaneous" expenses. (Doc. 148). In reply, Plaintiff files a Notice of Filing copies of paid invoices for costs expended. (Doc. 150).

I.

The sole ground on which Plaintiff bases his entitlement to attorney's fees is the State of Florida's inequitable conduct doctrine. As indicated above, the parties dispute the applicability of this doctrine in the circumstances of this case, and, unfortunately, the undersigned has little actual knowledge of the facts of the case as developed at trial. According to Plaintiff, fees are warranted given the jury's findings that both Defendants knowingly, or with the reckless disregard for the facts, made the misrepresentation at issue and intended for him to rely on the same, and Defendant Jane Ann Wright breached her fiduciary responsibility and punitive damages as against her were warranted.[1] By Plaintiff's urging, Defendants' behavior constitutes egregious behavior, bad faith and inequitable conduct. (Doc. 147 at 7-10). Defendants counter that the facts here do not fall within the extremely narrow circumstances justifying an award of fees based on inequitable or bad faith conduct. (Doc. 148 at 1-3).

Generally, a court may only award attorney's fees when such fees are "expressly provided for by statute, rule, or contract." *Hubbel v. Aetna Cas. & Sur. Co.*, 758 So.2d 94, 97 (Fla. 2000). In extremely limited circumstances, however, courts are also authorized to award fees based upon the inequitable conduct doctrine, which permits the award of attorney's fees where one party (or attorney) has exhibited egregious conduct or acted in bad faith. *See*

---

[1]In legal support, Plaintiff relies on *Hoegh v. Estate of Johnson*, 985 So.2d 1185 (Fla. Dist. Ct. App. 2008) and *Johnson v. Davis*, 480 So.2d 625 (Fla. 1985). (Doc. 147 at 8-9).

2

*Moakley v. Smallwood*, 826 So.2d 221, 226-27 (Fla. 2002); *Bitterman v. Bitterman*, 714 So.2d 356, 365 (Fla. 1998).

Upon careful consideration of the parties' arguments and applicable state case law, I am unable to find that an award of attorney fees on grounds of inequitable conduct and/or bad faith is warranted. The jury's findings with respect to fraud, breach of fiduciary duty, and punitive damages, while troubling, do not alone allow for such an award under Florida law.[2] As noted by the Florida Supreme Court, "[the inequitable conduct] doctrine is rarely applicable. It is reserved for those extreme cases where a party acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Bitterman*, 714 So.2d at 365.[3] From what can be gleaned from the case file and upon my review of the case law, Plaintiff fails to demonstrate that the circumstances of this case bring it within those rare cases of egregious conduct justifying an award of fees. While I do not approve of the conduct of the Defendants in this matter, particularly that of Defendant Jane Ann Wright, on the instant motion, I conclude that Plaintiff fails to demonstrate the type of egregious conduct necessary to support an award of attorney fees on these grounds.[4]

---

[2]This is clearly the case with respect to the claims against Mr. Wright. In light of the jury's findings, it appears a closer issue in the case of Mrs. Wright.

[3]My review of Florida case law fails to reveal any cases in which a jury's finding that a defendant committed fraud and/or breached a fiduciary duty in a real estate transaction resulted in an award of fees based on the defendant's bad conduct. Rather, cases in which inequitable conduct has been found to support such an award appear to be primarily in cases involving probate or family law matters

[4]Plaintiff's reliance on *Hoegh* and *Johnson* is unavailing. *Hoegh* is distinguishable in that it involved a probate matter wherein a forged will was knowingly admitted to probate, and *Johnson*, as Defendants note, involved a contractual basis for an award of attorney's fees.

II.

Pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. §§ 1920 and 1821, and applicable case law, Plaintiff seeks to recoup costs totaling **<u>$13,636.77</u>**. In particular, Plaintiff seeks the following breakdown of costs incurred by Sessums & Sessums, P.A.:

| | | |
|---|---|---|
| (1) | court fees: | $   165.00 |
| (2) | service of process costs: | $   425.00 |
| (3) | subpoena costs: | $   330.78 |
| (4) | transcription expenses: | $1,525.00 |
| (5) | court reporter fees: | $   183.50 |
| (6) | photocopying: | $3,391.70 |
| (7) | postage: | $     11.75 |
| (8) | Federal Express: | $     43.00 |
| (9) | witness expenses: | $     91.61 |
| (10) | legal research: | $   946.64 |
| (11) | travel expenses: | <u>$   212.00</u> |
| | | **$7,325.98** |

As for those incurred by Frost Van den Boom & Smith, P.A., Plaintiff seeks the following breakdown of costs:

| | | |
|---|---|---|
| (1) | court fees: | $   255.00[5] |
| (2) | service of process costs: | $1,100.00 |
| (3) | court reporter fees and transcription costs: | $2,183.22 |
| (4) | photocopying & postage | $1,200.85 |
| (5) | facsimile charges: | $     60.50 |

---

[5]By his motion, Plaintiff asserts the court fee sought here was $259.00. (Doc. 147). The invoice and Affidavit of Van den Boom, however, reveal that the court fee (state court filing fee) was $255.00. (Docs. 147-3 at 11; 150-3 at 1).

4

|      |                         |            |
|------|-------------------------|------------|
| (6)  | long distance tolls:    | $ 48.95    |
| (7)  | Federal Express:        | $ 36.42    |
| (8)  | witness mileage fees:   | $ 28.00    |
| (9)  | legal research:         | $ 580.44   |
| (10) | travel expenses:        | $ 713.41   |
| (11) | miscellaneous expenses: | $ 100.00   |
|      |                         | **$6,310.79** |

(Doc. 147 at 5-7). In support thereof, Plaintiff submits the Affidavits of Mark A. Sessums, Esq., and Peter W. Van den Boom, Esq., as well as copies of certain invoices. *Id.* at Exs. B, C; (Doc. 150).

In response, Defendants objects to the taxation of costs for postage, facsimile and telephone-related charges, federal express charges, legal research fees, travel expenses, and "miscellaneous" expenses. Defendants also objects to service-of-process costs because Plaintiff fails to provide documentation as to the hourly rate of the process servers and the time expended to effectuate service. As such, Defendants contend that Plaintiff is limited to recovering only $45.00 for each service-of-process fee.[6] (Doc. 148 at 4-5).

Rule 54(d) provides that costs, other than attorney's fees, "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir.

---

[6]In support, Defendants relies on *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D. Fla. 2007).

1991)). In awarding costs, federal courts are bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless there is explicit statutory or contractual authorization for the taxation of such.[7] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Nonetheless, it is within the court's discretion to deny a full award of costs if the court has and states a sound reason for doing so.[8] *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A district court's cost determination is reviewed for abuse of discretion. *Id.*

**Court Fees**

Plaintiff seeks to recover the state court filing fee of $255.00 and a fee paid to the Clerk of this court on June 1, 2009, for $165.00. (Docs. 150-2 at 6; 150-3 at 1). Pursuant to 28 U.S.C. § 1920, the filing fee is clearly taxable. As for the $165.00 fee, while Plaintiff does not indicate what it is was for, it appears clearly related to the attorney admission of Brian M. Monk who was admitted on June 1, 2009. Monk was Plaintiff's co-counsel during the trial. As such, the cost is taxable. *See* 28 U.S.C. § 1914(b) (providing that clerk shall collect such additional fees only as are prescribed by the Judicial Conference of the United States and setting forth the Judicial Conference's Schedule of Fees, which includes $165.00 for "original

---

[7]Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920; *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007).

[8]The Eleventh Circuit has recognized that the "denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of litigation." *Chapman*, 229 F.3d at 1039 (quoting *Walters v. Roadway Express, Inc.,* 557 F.2d 521, 526 (5th Cir. 1977)).

6

admission of attorneys to practice"); *cf. Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1458-60 (M.D. Ala. 1997) (finding *pro hac vice* fee not taxable as cost because only admission fee authorized by the Judicial Conference was for permanent admission to the bar of the court). Pursuant to §§ 1920(1) and 1914, Defendants are taxed **$420.00** for these costs.

**Service of Process/Subpoena Costs**

Plaintiff seeks to recover service-of-process costs totaling $1,525.00 ($425.00 incurred by Sessums & Sessums, P.A., and $1,100.00 incurred by Frost, Van den Boom & Smith, P.A.). (Doc. 147 at 5-6). Additionally, Plaintiff seeks $330.78 in unspecified "subpoena costs" on behalf of Sessums & Sessums, P.A. *Id.* Invoices submitted by Plaintiff document the following: $200.00 billed ($100.00 each) for April 2009 service on Jane Ann Wright and J. Stephen Wright (Doc. 150-2 at 8); $140 billed ($30.00 each plus a charge of $20.00 for "second address") for April 2009 service on Hayley Amis, Tanya Comparetto, Mary Anderson, and Kathy Montgomery, *id.* at 9; $85.00 for April 2009 same day ("rush") service on Christian Lee, *id.* at 10;[9] $50.00 for October 2006 service on the Department of Highway Safety and Motor Vehicles (Doc. 150-3 at 7); $50.00 for October 2006 service on Sandpiper Cove Realty, *id.* at 9; $30.00 for October 2006 service on Michael Bedenbaugh, *id.* at 9; $60.00 for September 2006 service on Mary Anderson and Kathy Montgomery, *id.* at 10; $90.00 for July 2006 service on Christian Lee, Tanya Comparetto, and Hayley Amis, *id.* at

---

[9]These three invoices account for the total $425.00 incurred by Sessums and Sessums.

11; $135.00 for January 2006 service on J. Stephen Wright, *id.* at 12; and $85.00 for January 2006 service on Jane Ann Wright, *id.* at 13.[10]

Pursuant to §§ 1920(1) and 1921, courts are authorized to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service. *EEOC v. W & O, Inc,* 213 F.3d 600, 623-24 (11th Cir. 2000). The United States Marshal's fee for process served or executed personally is $55.00[11] per hour for each item served, plus travel costs and other out-of-pocket expenses.[12] *See* 28 C.F.R. § 0.114(a)(3). By my calculations, Plaintiff may recover the following: $110.00 for service on J. Stephen Wright and Jane Ann Wright in April 2009; $140.00 for service on Hayley W. Amis, Tanya Comparetto, Mary Anderson, and Kathy Montgomery in April 2009; $55.00 for service on Christina Lee in April 2009;[13] $120.00 for the three service of processes bill in October 2006; $60.00 for service of process on Mary Anderson and Kathy Montgomery in

---

[10]The balance of the invoices listed above account for $500.00 of the $1,100.00 purportedly incurred by Frost, Van den Boom & Smith. Van den Boom's affidavit reveals the following additional service costs: 12/5/06 BJT Attorneys Services $50.00; 4/6/07 BJT Attorneys Services $400.00; 4/25/2007 Louis Georgetti – Service of process $90.00; 5/1/07 Louis Georgetti – Service of Process $30.00; and 5/14/07 Louis Georgetti – Service of process $30.00. (Doc. 147-3 at 12). I am at a loss to understand what these invoices relate to absent adequate documentation. Accordingly, Plaintiff may not recover these sums.

[11]Effective December 19, 2008, 28 C.F.R. § 0.114 was amended to increase the U.S. Marshal's service fee to $55.00. *See* 73 F.R. 69552-01, 2008 WL 4921967 (F.R.). Prior to that time, the U.S. Marshal's service fee was $45.00. *See id.*

[12]Although the Marshal's fee includes mileage, the documentation in support of the instant costs is inadequate to determine whether mileage was a factor in the service charges that exceed $45.00/$55.00. Accordingly, counsel may recover no more than $45.00/$55.00 for each service of process fee sought.

[13]Plaintiff seeks to recoup $85.00 for this service, which was billed as "same day rush fee local." (Doc. 150-2 at 10). No explanation was provided to justify such.

8

September 2006; $90.00 for service of process on Christian Lee, Tanya Comparetto, and Hayley Amis in July 2006, and $90.00 for service of process on J. Stephen Wright and Jane Ann Wright in January 2006. As such, Defendants are taxed **$665.00** in costs for service of process.

As for the "subpoena costs" in the amount of $330.78 incurred by Sessums and Sessums, P.A., such are addressed below.

**Transcription Expenses/Court Reporter Fees**

In total, Plaintiff seeks to recoup $3,891.72 for transcription expenses and court reporter fees. Rule 54 and § 1920 provide for an award of costs for fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. However, whether costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case. *See W&O,* 213 F.3d at 620-21. Here, Plaintiff seeks to recover the following costs of transcripts and court reporter fees incurred by Sessums & Sessums, P.A.: $442.50 for a transcript of the October 2003 deposition of Christian Butler (Doc. 150-2 at 3); $748.l00 for a transcript of a hearing before Judge Green in the state court case divorce action, *id.* at 4; $334.50 for transcripts of Defendants' depositions; and $183.50 for a transcript of the opening statements made in the instant case, *id.* at 7. These costs total $1,708.50 and are documented by way of invoices. Plaintiff seeks to recover the following costs of depositions and court reporter appearance fees incurred by Frost, Van den Boom & Smith, P.A.: $75.00 for a court reporter appearance fee for the depositions of M. Anderson and K. Montgomery, (Doc. 150-3 at 3); $188.00 for the depositions of Tanya Comparetto and Hayley Amis, *id.* at 4; $269.75 for the

9

deposition of Gerald Wright,[14] *id.* at 5; and $530.25 for the court reporter fee and deposition of Christian Lee, *id.* at 6. These costs total $1,063.00 and are documented by invoices. The remaining costs sought on behalf of Frost, Van den Boom & Smith, P.A., which total $1,120.22, are not documented by way of invoices. They are, however, documented in Van den Boom's affidavit as follows: $111.00 on 11/21/06 for Wasilewski Court Reporting – M. Anderson, K. Montgomery 9/26/06; and $1,009.22 on 12/30/06 for Kara Keller, CSR – J. Wright, S. Wright. (Doc. 147-3 at 12).

Upon review of the pleadings and the electronic docket, I find that all of the depositions and the hearing from which Plaintiff requests costs were necessarily obtained for use in the case. *See W & O*, 213 F.3d at 621 (providing that depositions are necessarily obtained when the deponents are on the other party's witness list or if the deposition is admitted into evidence or used during cross-examination). Plaintiff, both Defendants, and Christian Butler n/k/a Christian Lee each testified at trial, and Anderson, Montgomery, Comparetto, and Amis were each listed on the trial witness lists of both parties. (Docs. 60, 67). Regarding the transcript of the hearing before Judge Green in the state court divorce action, it was listed on Plaintiff's trial exhibit list (Doc. 107 at 3) and cited in Plaintiff's oppositions to Defendants' motion for summary judgment. *See* (Docs. 33, 47). Thus, Defendants are taxed **$3,708.22** for the costs of depositions/court reporter fees.[15]

---

[14]The undersigned presumes this was for the deposition transcript of Gerald Butler and not Gerald Wright.

[15]As for the court reporter fees associated with opening statements, it appears that the transcripts were obtained for the convenience of counsel. As such, Plaintiff may not recover the amount billed for that ($183.50).

10

**Photocopying and Postage**

Plaintiff seeks to recover $4,604.30 for photocopying and postage ($3,403.45 for Sessums & Sessums and $1,200.85 for Frost Van den Boom & Smith, P.A.). Under § 1920(4), photocopying costs "necessarily obtained for use in the case" are compensable. General photocopying costs are not compensable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). The party seeking to recover photocopying costs must come "forward with evidence showing the nature of the documents copied and how they were used." *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 300 (N.D. Ga. 1991). At the outset, Plaintiff provides copies of paid invoices for only $2,228.70 of the total sought (and it is for photocopying, not postage).[16] Moreover, only two of the invoices submitted state the purpose of the copies, i.e., $19.00 for certified copies of deeds in March 2009 and $4.00 for copies of the state court record in May 2006. (Doc. 150-2 at 2). Those may be taxed. The remainder of the copy charges included in the invoices were incurred on two days in March 2009, when over 10,000 copies were made and paid for. *Id.* at 1. However, without further documentation, the court is left to speculate as to the nature of the documents and how they were used. As such, the cost for these copies is not taxable. As for postage, it is not taxable and Plaintiff fails to indicate how much of the $1,200.85 sought by Frost Van den Boom & Smith was for the same. In sum, Defendants are taxed a total of **$23.00** for photocopying.

---

[16]As such, the remaining $2,3756.60 of photocopying and postage costs are not recoverable because Plaintiff fails to show the nature of the documents copied or how they were used and postage costs are not recoverable.

**Facsimile Charges and Long Distance Tolls**

Plaintiff seeks to recover facsimile charges in the amount of $60.50 and long distance tolls in the amount of $48.95. These costs are not within § 1920 and are not recoverable. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002); *Corsair Asset Mgmt., Inc. v. Moskovitz*, 142 F.R.D. 347, 351 (N.D. Ga. 1992).

**Federal Express**

Plaintiff seeks to recover $79.42 in costs associated with Federal Express. Aside from the fact that these costs are too vague to discern their nature and necessity, delivery costs and express mail generally are not compensable under § 1920. *See Scelta*, 203 F. Supp. 2d at 1339; *Am. Home Assurance Co. v. The Phineas Corp.*, No. 8:02-cv-736-T-26EAJ, 2004 WL 3142554, *2 (M.D. Fla. 2004). Thus, these costs may not be taxed to Defendants.

**Witness Expenses**

By his motion, Plaintiff seeks to recover "subpoena costs" of $330.78 and witness costs and expenses of $91.61 incurred by Sessums & Sessums, P.A., and witness and mileage fees of $28.00 incurred by Frost, Van den Boom & Smith, P.A. Courts may tax witness fees under § 1920(3). The recovery of such is limited by § 1821, which authorizes a daily witness fee of forty dollars ($40.00), plus mileage and subsistence.[17] 28 U.S.C. § 1821; *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006). Here, the request for $28.00 in witness/mileage fees is supported by Van den Boom's Affidavit and check requests for the same as to Mary Anderson ($7.00), Kathy Montgomery ($7.00), Haley Amis ($7.00),

---

[17]During 2009, the mileage rate was $0.55 per mile. *See* 5 U.S.C. § 5704; http://www.irs.gov/newsroom/article/0,,id=200505,00.html. As such, up to $55.00 is recoverable for mileage under the longstanding 100-mile rule.

12

and Christian Lee ($7.00). (Doc. 150-2 at 11-14). Likewise, the "subpoena costs" of $330.78 are supported by check requests for "witness and mileage fee[s]" payable to Mary Anderson ($82.91), Kathy Montgomery ($82.91), Gerald Butler ($78.12), and Christian Lee ($86.84).[18] (Doc. 150-2 at 11-14). Although mileage is not set forth or calculated separately, the amount Plaintiff seeks to recover for each of these witnesses is within the statutory limits and therefore should be taxable. As for the $91.61 sought for "reasonable witness expenses and costs, including meals, (Doc. 147 at 5), the request is denied. Plaintiff does not explain this amount or provide documentation in support and the amount appears to duplicate the per diem awarded as witness fees. Consequently, Defendants are taxed **$358.78** for witness expenses.

**Legal Research**

Plaintiff seeks to recover $1,527.08 in costs for online legal research (Westgroup, ChoicePoint, PACER, and Lexis Nexis). (Docs. 147 at 5-6; 147-3 at 11-12; 147-4 at 13). Costs for legal research are not taxable under § 1920. *See Duckworth*, 97 F.3d at 1399; *Scelta*, 203 F. Supp. 2d at 1339. Accordingly, those costs may not be taxed against Defendants.

**Travel Expenses**

Plaintiff seeks to recover $925.41 for attorney travel expenses. *See* (Docs. 147 at 6; 147-3 at 12; 147-4 at 13). However, attorney's travel expenses, are not recoverable under § 1920. *See Scelta*, 203 F. Supp. 2d at 1339 (citing *Tang How v. Edward J. Gerrits, Inc.,* 756 F. Supp. 1540, 1545 (S.D. Fla. 1991)). Consequently, Plaintiff may not recover these costs.

---

[18]These individuals were on Plaintiff's witness list. (Doc. 60). However, on review of the trial minutes, it does not appear that Ms. Anderson or Ms. Montgomery testified.

**Miscellaneous Expenses**

Lastly, Plaintiff seeks to recover $100.00 in miscellaneous expenses. (Doc. 147 at 7). Van den Boom's Affidavit reveals this amount is for "miscellaneous file set up" in October 2005. (Doc. 147-3 at 11). This cost is not compensable under § 1920. Rather, it is subsumed within operating overhead and is not taxable.

III.

Accordingly, for the aforesaid reasons, it is RECOMMENDED that Plaintiff's **Motion for Attorney's Fees and Costs Against Defendants** (Doc. 147) be **DENIED** with respect to attorney's fees and **GRANTED in part** with respect to costs to the extent that Plaintiff be awarded **$5,175.00** in costs.

>  Respectfully submitted on this
>  5th day of January 2010.

>  THOMAS B. McCOUN III
>  UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record