UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD BUTLER,

    Plaintiff,

v.                        CASE NO. 8:06-CV-165-T-17TBM

J. STEPHEN WRIGHT, and
JANE ANN WRIGHT,

    Defendants.
_____/

ORDER

This cause is before the Court on:

Dkt. 159 Report and Recommendation
Dkt. 160 Objections

Plaintiff's Motion for Attorney's Fees and Costs Against Defendants was referred to the assigned Magistrate Judge, who has entered a Report and Recommendation which recommends that the Motion be denied as to attorney's fees and granted as to costs, in the amount of $5,175.

The Court has independently examined the pleadings, and has considered Plaintiff's Objections to the Report and Recommendation. The Court determines <u>de novo</u> any part of the Report and Recommendation which has been properly objected to. The Court may modify the recommendation, receive further evidence, or return the matter to the magistrate judge with instructions.

Case No. 8:06-CV-165-T-17TBM

I. Plaintiff's Objections

A. Failure to Award Fees on Grounds of Inequitable Conduct

Plaintiff Butler objects to the finding of the Magistrate Judge that the award of attorney's fees is not warranted in this case.

Plaintiff argues that the application of Florida's inequitable conduct doctrine relies on the facts of a particular case. Plaintiff further argues that the District Judge is in the best position to determine whether the inequitable doctrine applies to either Defendant, as the District Judge had the opportunity to see the behavior and demeanor of the witnesses.

While the Court agrees that the inequitable conduct doctrine relies on the facts of a particular case, the recommendations within the Report and Recommendation are not necessarily in error because the Magistrate Judge did not see the behavior and demeanor of the witnesses. The Court is required to review <u>de novo</u> any part of the Report and Recommendation, and the review provides an opportunity to correct any error identified by Plaintiff. The Court has considered Plaintiff's objections in light of the entire record, including the demeanor of the witnesses at trial.

B. Finding that Facts of This Case Not Related to Family Law Matter

Plaintiff Butler argues that all of the actions and events giving rise to Plaintiff's Complaint did occur in the context of

2

Case No. 8:06-CV-165-T-17TBM

a family law case, and this case was not solely a real estate transaction.

In the Report and Recommendation, Footnote 4 states:

"My review of Florida case law fails to reveal any cases in which a jury's finding that a defendant committed fraud and/or breached a fiduciary duty in a real estate transaction resulted in an award of fees based on the defendant's bad conduct. Rather, cases in which inequitable conduct has been found to support such an award appear primarily in cases involving probate or family law matters.

The Court has examined the record of this case. Prior to trial, Plaintiff Butler filed a Motion in Limine (Dkt. 102), which was granted in part and denied in part (Dkt. 105), seeking, inter alia, to preclude any testimony or reference to the circumstances of the dissolution of marriage between Plaintiff Gerald Butler and his former wife, Christian Butler Lee, including any alleged bad acts of Plaintiff Butler. Plaintiff Butler argued that the evidence sought to be excluded was not relevant or probative to the issues for trial, which included: 1) the value of the improvements to the condominium made by Plaintiff; 2) whether any verbal promises to the Plaintiff by the Defendants induced Plaintiff to quitclaim his interest in the Destin property in 2001 and 3) whether the Defendants' fraud or breach of fiduciary duty was the proximate cause of any of Plaintiff's damages. At the time of oral argument on the Motion in Limine, Defendants agreed that the dissolution of marriage was not a central feature of this case. Defendants agreed that there would be testimony of events which happened during the dissolution, which would be subject to contemporaneous objection.

3

Case No. 8:06-CV-165-T-17TBM

The Court deferred ruling as to testimony of discrete events which happened during the dissolution, and as to payments made to Christian Lee. The Motion in Limine was denied as to the use of financial affidavits filed in the dissolution proceeding.

This case is a civil case which is primarily about a real estate transaction which took place at the same time as the dissolution process. Some documents from the dissolution case and some discrete events that happened during the dissolution were relevant to this case. During the trial, the parties had a full opportunity to litigate the issues for trial identified by Plaintiff.

C. Determination That Defendants Did Not Act In Bad Faith Pursuant to Inequitable Conduct Doctrine

Plaintiff Butler argues that the jury found punitive damages were warranted in this case, based on the behavior of Defendant Jane Ann Wright, and the facts of the case establish that the family relationship between the parties gave rise to the fiduciary relationship.

In the Report and Recommendation, the Magistrate Judge concluded that the jury's findings with respect to fraud, breach of fiduciary duty, and punitive damages do not alone allow for the award of attorney's fees under Florida law.

In Arango v. Arango, 450 So.2d 583 (Fla. 3rd DCA 1984), the Third District Court of Appeal reminds the Court:

4

Case No. 8:06-CV-165-T-17TBM

> The trial court's discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness. In this regard, we note the cautionary words of Justice Cardozo concerning the discretionary power of judges:
>
> The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant roaming at will in pursuit of his own ideal of beauty or goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to "the primordial necessity of order in the social life." Wide enough in all conscience is the field of discretion.
>
> B. Cardozo, The Nature of Judicial Process (1921).

Id., 382 So.2d 1203.

In general, under Florida law, the Court may award attorney's fees when attorney's fees are expressly provided for by statute, rule or contract. Florida recognizes a limited exception to the American Rule in situations involving inequitable conduct. The Florida Supreme Court has pointed out that "[The inequitable conduct] doctrine is rarely applicable. It is reserved for those extreme cases where a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla. 1998). The award of attorney's fees in that situation is in the nature of an

Case No. 8:06-CV-165-T-17TBM

award of sanctions pursuant to the Court's inherent authority. To make such an award, the Court must make an express finding of bad faith conduct, and must support that finding with detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorney's fees.

Prior to trial, the Court denied Defendant's Motion for Summary Judgment due to the presence of material factual disputes. This is not a case in which there was an absence of justiciable issues. The parties did not resort to excessive motion practice causing unreasonable delay to carry out abusive litigation tactics. This case is not a "David v. Goliath" scenario.

The question the Court must resolve is not whether Defendants acted in bad faith; the jury answered that question in its verdicts on punitive damages. The question is whether the bad faith conduct renders the discretionary award of attorney's fees to Plaintiff Butler appropriate. After consideration, the Court declines to award attorney's fees for fraud on the basis of inequitable conduct. The Court overrules Plaintiff's objection, and adopts and incorporates the Report and Recommendation by reference. Accordingly, it is

**ORDERED** that Plaintiff's objection is **overruled**. The Court adopts and incorporates the Report and Recommendation. Plaintiff's Motion for Attorney's Fees and Costs is **granted in part and denied in part**. The Motion for Attorney's Fees is **denied**, and the Motion for the Award of Costs is **granted** in the amount of $5,175.00.

Case No. 8:06-CV-165-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 16th day of February, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record